UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| GLENN SAM BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:24-cv-00036-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| BELL COUNTY | ) | **MEMORANDUM OPINION** |
| FORESTRY CAMP, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

*** *** *** ***

Glenn Sam Baker is incarcerated at the Bell County Jail in Pineville, Kentucky. Proceeding without a lawyer, Mr. Baker recently filed a civil rights complaint with this Court. [R. 1]. The Court has now conducted an initial review of that pleading pursuant to 28 U.S.C. § 1915A. Since there are numerous problems with Baker's submission, the Court will dismiss his current complaint without prejudice to his right to properly start a new action.

As an initial matter, Baker has neither paid the applicable $405.00 in filing and administrative fees nor properly moved for leave to proceed *in forma pauperis*. Baker did complete and file an AO 240 Form to seek pauper status [R. 3], but he did not support his request with a properly certified inmate account statement. Instead, Mr. Baker filed an incomplete and unsigned E.D. Ky. 523 Form. [R. 4]. Thus, Mr. Baker has not properly initiated this civil action.

More importantly, Baker's pleading, as presently drafted, is plainly deficient for multiple reasons. First, Mr. Baker did not sign his complaint [*see* R. 1 at 10.] Thus, his filing violates Rule 11(a) of the Federal Rules of Civil Procedure, which requires every pleading to be signed "by a party personally if the party is unrepresented." Second, although Mr. Baker lists the Bell County Forestry Camp—a minimum security prison near Pineville—and multiple prison

employees as defendants, he does not clearly explain what each named defendant did or failed to do to cause him harm, despite being directed to do so. [*See* R. 1 at 3]. Instead, Baker vaguely alleges that four of the defendants—who he does not specifically identify—"are convicted felons" who "have been ordering firearms and other dangerous contraband from a dark website using" his name and address. *Id.* Baker also accuses some of the defendants of "taking [his] mail from out the back door of the Pineville Post Office," though, again, he does not make it clear to which individuals he is referring. *See id.* Since Baker fails to clearly link his factual allegations to the named defendants, his complaint, as drafted, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). Third, Mr. Baker does not indicate what relief, if any, he is seeking. In fact, despite being directed to state exactly what he wants the Court to do for him, Baker leaves the relief section of his pleading entirely blank. [*See* R. 1 at 10]. This too runs afoul of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(3) (a pleading that states a claim for relief must contain a demand for the relief sought).

In light of the foregoing problems, the Court will dismiss Baker's current complaint. However, the Court's dismissal will be **without prejudice**. **This means that Baker may file a new civil rights action regarding the matters he raised, and the Court will send him the proper forms to do so.**

Ultimately, if Baker chooses to start a new action, he must complete the Court's approved E.D. Ky. 520 Civil Rights Complaint Form in its entirety, list the defendants against whom he has claims and is seeking relief, clearly explain what each defendant did (or failed to do) to allegedly cause him harm, and state precisely what he wants the Court to do for him. Baker must then sign that form and file it with the Court. Finally, Baker must also either pay the $405.00 in filing and administrative fees or complete the following steps to properly pursue pauper status: (a) fill out the Application to Proceed in District Court Without Prepaying Fees or Costs [AO

240 Form]; (b) have prison staff complete and sign the Certificate of Inmate Account form [E.D. Ky. 523 Form]; and (c) file both documents with the Court.

Accordingly, it is **ORDERED** as follows:

1. Baker's current complaint **[R. 1]** is **DISMISSED without prejudice.**
2. All pending motions are **DENIED as moot.**
3. This action is **STRICKEN** from the docket.
4. The Clerk's Office is directed to send Mr. Baker the following blank forms:
    a. an E.D. Ky. 520 Civil Rights Complaint Form;
    b. an AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs; and
    c. an E.D. Ky. 523 Certificate of Inmate Account Form.
5. If Mr. Baker wishes to file a new civil action with this Court, he may do so by completing and filing that new action in accordance with the instructions set forth above.

This 22d day of March, 2024.

Gregory F. Van Tatenhove
United States District Judge